**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Cuauhtemoc AGUILAR–RAMIREZ,
also known as Francisco Olvera–
Ramirez, Defendant–Appellant.**

No. 07–51279
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

April 2, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Cuauhtemoc Aguilar–Ramirez raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. *United States v. Pineda–Arrellano,* 492 F.3d 624, 625 (5th Cir.2007), *cert. denied,* —— U.S. ——,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be

128 S.Ct. 872, 169 L.Ed.2d 737 (2008). The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Juan RODRIGUEZ–VASQUEZ,
Defendant–Appellant.**

No. 07–50681
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 2, 2008.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Drawer 1471, Marfa, TX, for Defendant–Appellant.

Before KING, DAVIS and CLEMENT, Circuit Judges.

published and is not precedent except under

PER CURIAM: *

Juan Rodriguez–Vasquez appeals his conviction and 84–month sentence for aiding and abetting the importation of cocaine and aiding and abetting the possession of cocaine with intent to distribute. Rodriguez–Vasquez argues that our pattern jury instruction on the defense of duress places a constitutionally impermissible burden on the defendant, and he asserts that the instruction violates principles of equal protection because other circuits require a defendant raising a defense of duress to make a less onerous showing. He contends that his sentence is excessive because the district court erroneously determined that he was not entitled to a reduction in offense level for acceptance of responsibility. Rodriguez–Vasquez's challenge to the burden of proof required to establish the defense of duress is foreclosed by *Dixon v. United States*, 548 U.S. 1, 126 S.Ct. 2437, 2442–48, 165 L.Ed.2d 299 (2006). His contention that our pattern instruction on duress violates principles of equal protection fails because he does not suggest that the challenged instruction has a discriminatory purpose. *See United States v. Chavez*, 281 F.3d 479, 486–87 (5th Cir.2002). We affirm the sentencing court's determination that Rodriguez–Vasquez was not entitled to a reduction in offense level for acceptance of responsibility. *United States v. Solis*, 299 F.3d 420, 458 (5th Cir.2002).

AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.